**NOT FOR PUBLICATION**

NOV 23 2011

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **JONATHAN CARTER**, | No. 10-16993 |
| Plaintiff - Appellant, | D.C. No. 2:04-cv-00409-KJD-RJJ |
| v. | |
| **CLARK COUNTY; NEVADA DEPARTMENT OF PAROLE & PROBATION; STATE OF NEVADA DEPARTMENT OF MOTOR VEHICLES & PUBLIC SAFETY**, | **MEMORANDUM**[*] |
| Defendants, | |
| and | |
| **FAMILY AND CHILD TREATMENT OF SOUTHERN NEVADA**, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted November 17, 2011[**]
Stanford, California

Before:        **KOZINSKI**, Chief Judge, **FARRIS**, Circuit Judge, and
               **GETTLEMAN**, District Judge.[***]

**1.** Before the district court, Carter "oppose[d] the dismissal without prejudice of his remaining state law claims" pursuant to 28 U.S.C. § 1367(c), and so "waived [his] objection to the district court's discretionary exercise of supplemental jurisdiction." Kohler v. Inter-Tel Techs., 244 F.3d 1167, 1171 (9th Cir. 2001).

**2.** Summary judgment is proper, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case . . . .  In such a situation, there can be no genuine issue as to any material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986) (internal quotation marks omitted).  In support of his claims, Carter submitted only his vague, conclusory answers to Family and Child Treatment's interrogatories, and "this court has refused to find a genuine issue

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert W. Gettleman, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

where the only evidence presented is uncorroborated and self-serving testimony." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (internal quotation marks omitted); see also FTC v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

**AFFIRMED.**